**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**


**ERIC LAVELL MURRY
ADC #96072**                                                                **PLAINTIFF**


**VS.**                          **CASE NO.  3:05CV00121 JMM**


**MITCHELL, LIEUTENANT; AND
JOHN DOES**                                                          **DEFENDANTS**


**ORDER**

Plaintiff brings this 42 U.S.C.  § 1983 complaint alleging Fourth Amendment violations

based upon a search of his girlfriend's home and seizure of his property from that home.

Plaintiff also alleges a state law defamation claim based upon information defendants allegedly

told the press concerning certain robberies.    In additional pleadings, plaintiff contends that he

has been threatened by the police and he wants the Court to hire a handwriting expert to prove

that his girlfriend's signature on the search consent form is a forgery.

Defendant Mitchell's motion to dismiss contends that (1) this Court should abstain from

hearing this case because the actions complained of in plaintiff's complaint constitute the basis of

an ongoing state criminal proceeding; (2) plaintiff's girlfriend gave written permission for the

search of her home; and (3) plaintiff has failed to state a claim because he has no standing to

contest the search of his girlfriend's house.

While a federal Court has an obligation to exercise its jurisdiction, *see Colo. River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 817-18, 96 S.Ct. 1236, 47 L.Ed.2d 483

(1976), there are instances when a Court should abstain. *See Railroad Commission of Texas v.*

*Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)  ("When a court abstains, it defers

or postpones, it does not deny jurisdiction.") .

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the United States Supreme Court directed federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (requiring abstention--in most instances--when federal jurisdiction is invoked to restrain state criminal proceedings).

For purposes of a motion to dismiss, the Court must accept the allegations made by a plaintiff in a complaint as true.   *Casazza v. Kiser*, 313 F.3d 414, 418 (8th th Cir. 2002) *(quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).   Plaintiff states in his pleadings that there is an ongoing state criminal case against him which, in part, is related to the alleged illegal search.

Accepting all plaintiff's allegations as true, the Court finds that abstention on the federal claims is appropriate and declines to exercise supplemental jurisdiction over plaintiff's state claims.

The motion to dismiss is granted (#10) and the complaint is dismissed without prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED this  29  day of August, 2005.


James M. Moody
United States District Judge